IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MO'NIQUE FEAGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:09-cv-532 |
| vs. ) | |
| ) | |
| BLOCKBUSTER INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ATTACHMENT A**

**TO**

**NOTICE OF REMOVAL**

Summons and Complaint

| Name Of Plaintiff | |
|---|---|
| MO'NIQUE FEAGIN | |
| Address | **CIVIL SUMMONS** |
| c/o Everage Law Firm, PLLC; 1800 Camden Road, Suite 104 | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| Charlotte, North Carolina 28203 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| BLOCKBUSTER, INC. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| BLOCKBUSTER, INC.<br>c/o Registered Agent, Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, North Carolina 27601 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Charles Ali Everage<br>EVERAGE LAW FIRM, PLLC<br>1800 Camden Road, Suite 104<br>Charlotte, North Carolina 28203 | 11-13-09 | 3:45 ☐ AM ☒ PM | |
| | Signature Donna Brooks | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01 (Over)
© 2001 Administrative Office of the Courts

|  | **RETURN OF SERVICE** |  |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY     09-CVS-28257

MO'NIQUE FEAGIN,
Plaintiff,

v.

BLOCKBUSTER INC.,
Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff alleges:

1. Plaintiff Mo'Nique Feagin is a resident of Mecklenburg County North Carolina.

2. Defendant Blockbuster Inc. is a Delaware corporation registered to do business in North Carolina and doing business in Mecklenburg County.

3. Plaintiff Mo'Nique Feagin, a black female, started working for Blockbuster Inc. on or about November 17, 2007 in Toledo, Ohio as a Customer Service Representative.

4. While working for Blockbuster Inc. in Toledo, Plaintiff was promoted to the position of Manager on Duty Shift Leader.

5. On or about June 2009, Feagin was transferred from her position in Toledo to a position with Blockbuster, Inc. in Charlotte, North Carolina, Mecklenburg County.

6. Upon arriving at the Blockbuster Inc. location that was run by Store Manager John Wong, Mr. Wong introduced himself by asking Ms. Feagin, "So you're the bitch?"

7. While working under his supervision, Store Manager Wang made repeated unwelcomed and demeaning comments regarding Ms. Feagin's race, gender and ethiniticy including referring to Feagin as a bitch on multiple occasions.

8. Wong constantly referred to Feagin as the "little ghetto girl", described her actions as being "ghetto" and stated that Feagin had a "ghetto booty."

1

9. Wong also verbally referred to Feagin as his "little slave" and engaged in repeated conversations that were sexually obscene. Wong made a statement regarding tasting his male genital and stated that he liked to see male employees bend over to pick up objects.

10. Feagin reported Wong's inappropriate behavior and comments to District Manager Larry Cartee on or about June 30, 2009.

11. Upon learning of Feagin's complaint, Wong was angered and told the store's Assistant Manager Susan DiSomma, "He was going to get her [Feagin] out of the store because nobody is going to tell his boss what happens in this store and try to get him in trouble."

12. In retaliation of Feagin's complaint to his District Manager, Store Manager Wong began changing Feagin's time records to show a smaller number of regular and overtime hours worked.

13. On July 16, 2009, When Feagin learned that Wong had illegally changed her time records, Feagin questioned Assistant Manager DiSomma regarding the inaccurate pay check that did not reflect the number of hours that Feagin worked; DiSomma confirmed to Feagin that Wong had altered the true number of hours worked. Feagin immediately reported Wong's actions a second time to Blockbuster's ethics 1-800 number on July 16, 2009.

14. The following day on July 17, 2009, Larry Cartee the District Manager suspended Feagin's employment.

15. At the end of suspension on July 21, 2009, Cartee with the approval of Blockbuster's human resources department terminated Feagin for discussing the issue of the fraudulent pay check and unpaid work hours with the Assistant Store Manager DiSomma and for reporting the unpaid wages to the 1-800 number.

16. In terminating Feagin, Cartee chastised Feagin for contacting the 1-800 ethics violations hotline.

17. After terminating Feagin, Blockbuster paid to Feagin at least some of the hours changed by Wong and acknowledged that Wong had altered Plaintiff's payroll record.

## FIRST CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT (RACE & GENDER)

18. The allegations set forth in Paragraphs 1-17 are incorporated by reference as if fully set out herein.

19. In violation of Title VII, Section 2000e-2(a)(1), Defendant engaged in unlawful and tortuous employment practices at its store in Mecklenburg County and subjected plaintiff to verbal sexual harassment, disparate treatment, derogatory stereotypical comments referencing Plaintiff's gender, race and ethnicity creating a hostile work environment.

20. Defendant's employment practices deprived Plaintiff of equal employment opportunities and adversely affected Plaintiff's status as an employee because of her gender, female and her race, African-American.

21. Less than ninety days prior to the filing of this lawsuit, plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

22. The sexual and racial harassment was perpetrated by Defendant's Store Manager Wong, a male supervisor in the direct line of authority over Plaintiff.

23. Although Defendant received complaints from Plaintiff and otherwise knew about the inappropriate conduct of its Store Manager Wong, Defendant failed to take reasonable steps to prevent further sexual harassment, racial harassment or subsequent retaliation.

24. The effect of the practices complained of has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of her sex and race.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of were done with malice or with reckless indifference to rights of Plaintiff.

27. Wong, in his capacity as Store Manager for Blockbuster, Inc., used his managerial authority to repeatedly harass in a sexual and racial manner Plaintiff.

28. Although District Manager Cartee was notified and made aware of defendant Wong's conduct towards Plaintiff, Defendants failed to repudiate the tortuous

3

acts of Wong, to terminate his employment, to discipline him appropriately or prevent Wong from retaliating against Plaintiff.

29. In retaliation Wong, in his capacity as Store Manager retaliated against Plaintiff for seeking redress of the hostile work environment.

30. Upon information and belief, Defendant failed to adequately investigate and take corrective measures to stop the conduct of Wong despite the complaint by Plaintiff.

31. Defendant's pattern of conduct and inaction, despite numerous reports of Wong's behavior to management, ratified said unlawful conduct and harassment.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF N.C.G.S. §143-422.2 & 42 U.S.C.A. § 2000e-3

32. The allegations set forth in Paragraphs 1-31 are incorporated by reference as if fully set out herein.

33. Based on information and belief, in addition to maintaining a sexually and racially hostile work environment, Blockbuster, Inc. has a pattern and practice of retaliating against employees that make reports of sexual or racial harassment.

34. Based on information and belief, Blockbuster, Inc. does not adequately train its managers on procedures for reporting, investigating, preventing or correcting acts of sexual harassment, racial harassment or retaliation.

35. Plaintiff engaged in a protected activity when she reported sexual and racial harassment.

36. After reporting her complaints of sexual and racial harassment by defendant Wong, Blockbuster through its Store Manage Wong retaliated against plaintiff in violation of the North Carolina Equal Employment Act, N.C.G.S. §143-422.2 and Title VII of the Civil Rights Act 42 U.S.C.A. § 2000e-3.

37. Blockbuster's Store Manager Wong materially altered Plaintiff's working conditions after Plaintiff made her claims of sexual and racial harassment.

38. Wong retaliated against Plaintiff by making threatening statements regarding Plaintiff and treating Plaintiff in an adverse manner to encourage Plaintiff to transfer to another location or to resign her position.

4

39. District Manager Cartee retaliated against Plaintiff by terminating after she made a second complaint regarding the continuing in appropriate conduct of Wong.

40. There is a causal link between the protected activities of Plaintiff and the aforementioned retaliatory acts of Defendant.

### THIRD CAUSE OF ACTION

### RETALIATION IN VIOLATION OF N.C.G.S. §95-241

41. The allegations set forth in Paragraphs 1-40 are incorporated by reference as if fully set out herein.

42. Blockbuster, Inc. has a pattern and practice of retaliating against employees that make reports of unpaid wages and overtime.

43. Based on information and belief, Blockbuster, Inc. does not adequately train its employees and managers on a procedure for reporting, investigating, preventing or correcting complaints of unpaid wages and overtime.

44. Plaintiff engaged in a protected activity when she reported her incorrect paycheck, unpaid wages and unpaid overtime to EthicsPoint Blockbuster's 1-800 report line.

45. After reporting her complaints of unpaid wages and overtime, Blockbuster retaliated against Plaintiff in violation of the North Carolina Retaliatory Employment Discrimination Act, N.C.G.S. §95-241.

46. Blockbuster retaliated against Plaintiff by suspending Plaintiff's employment the day after she reported her wage issues to the ethics hotline and terminating her employment four days later.

47. There is a causal link between the protected activities of plaintiff and the aforementioned retaliatory acts of Defendant.

48. There was no legitimate business reason or policy violation justifying, Plaintiff's termination.

5

## FOURTH CAUSE OF ACTION
## VIOLATION OF N.C.G.S. § 95-25.21 *et seq.*
## UNPAID WAGES & OVERTIME

49. The allegations set forth in Paragraphs 1-48 are incorporated by reference as if fully set out herein.

50. Under the regular terms of Plaintiff's employment, Feagin was paid wages based on the hours plus overtime that she worked.

51. Blockbuster's Store Manager Wong knowingly changed Plaintiff's payroll records to reflect a fewer number of hours work and lower wages.

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

1. Unpaid wages plus interest;
2. Attorney's fees as allowed by law;
3. Liquidated damages;
4. The costs of this action;
5. Reinstatement of employment;
6. Lost Wages;
7. Compensatory Damages
8. Punitive Damages and
9. Such other relief as the Court may deem just and proper including permanently enjoining Defendant from its discriminatory and retaliatory employment practices.

This the 13th day of November, 2009.

THE EVERAGE LAW FIRM, PLLC
Charles Ali Everage
Attorney for Plaintiff
N.C. Bar #28267
1800 Camden Rd; Ste. 104
Charlotte, NC 28203
(704) 377-9157

6

Case 3:09-cv-00532-RJC-DSC   Document 1-2   Filed 12/17/09   Page 9 of 9