IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MO'NIQUE FEAGIN,                    )
                                    )
          Plaintiff,                )
                                    )          Civil Action No. 3:09-cv-532
vs.                                 )
                                    )
BLOCKBUSTER INC.,                   )
                                    )
          Defendant.                )
_____)

## ANSWER TO COMPLAINT

COMES NOW the Defendant, Blockbuster Inc., and responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

1.      Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      In response to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Plaintiff, a black female, became an employee of Defendant on November 7, 2007 in Toledo, Ohio in the position of Customer Service Representative.  Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      In response to the allegations contained in Paragraph 4 of the Complaint, Defendant admits that it promoted Plaintiff to the position of Shift Leader in September 2008. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      In response to the allegations contained in Paragraph 5 of the Complaint, Defendant admits that in June 2009, at Feagin's request, Defendant transferred Feagin from her

position in Toledo to a position in Charlotte, Mecklenburg County, North Carolina. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. In response to the allegations contained in Paragraph 6 of the Complaint, Defendant admits that in June 2009, Feagin began working at Defendant's store designated as number 37040 in Charlotte, North Carolina, and that, at the time, Store #37040 was managed by John Wong. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendant admits that several days after she began working in Charlotte, Feagin informed Defendant District Manager Larry Cartee that John Wong had been making comments that offended her. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     Defendant admits so much of the allegations contained in Paragraph 14 of the Complaint as allege that, on July 17, 2009, Larry Cartee, the District Manager for Store #37040, informed Feagin of her suspension pending completion of an investigation into Feagin's conduct. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits so much of the allegations contained in Paragraph 15 of the Complaint as allege that Defendant terminated Feagin's employment on July 21, 2009. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     In response to the allegations contained in Paragraph 17 of the Complaint, Defendant alleges that, upon information and belief, it has paid to Plaintiff all monies she is owed for hours worked for Defendant. Defendant otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant incorporates herein its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if repeated verbatim herein.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant incorporates its responses to Paragraphs 1 through 31 of Plaintiff's Complaint as if repeated verbatim herein.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint contain a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant incorporates its responses to Paragraphs 1 through 40 of Plaintiff's Complaint as if repeated verbatim herein.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant incorporates its responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if repeated verbatim herein.

50. In response to the allegations contained in Paragraph 50 of the Complaint, Defendant alleges that, under the terms of Feagin's employment with Defendant, Feagin was to be paid wages based upon the number of hours worked, and one and a half times her regular hourly wage for every hour worked over forty. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in the Prayer of the Complaint and specifically alleges that Plaintiff is entitled to no recovery whatsoever.

53. Defendant denies each and every allegation of the Complaint not admitted hereinabove.

## SECOND DEFENSE

54. Each of the causes of action in Plaintiff's Complaint fails to state a claim against Defendant upon which any relief may be granted.

## THIRD DEFENSE

55.     Plaintiff cannot state a claim upon which relief may be granted under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") or under the North Carolina Equal Employment Practices Act ("NCEPPA"), N.C. Gen. Stat. § 143-422.1 *et seq.*, because Plaintiff failed to satisfy the prerequisites, jurisdictional or otherwise, to maintain this action with respect to matters that were or could have been raised in a charge of discrimination.

## FOURTH DEFENSE

56.     The Court lacks jurisdiction over the subject matter of the Complaint to the extent that Plaintiff failed to comply with the procedural prerequisites of her claims under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C .Gen. Stat. § 95-240, *et seq.*

## FIFTH DEFENSE

57.     Plaintiff's REDA claims are barred to the extent that they arose outside the applicable limitations period.

## SIXTH DEFENSE

58.     To the extent that Plaintiff seeks to state a claim for alleged acts of discrimination occurring outside the one hundred eighty (180) day period before the filing of a relevant valid charge of discrimination under Title VII, such relief is time-barred and is without the period of limitations.

## SEVENTH DEFENSE

59.     To the extent that Plaintiff seeks monetary relief in the form of back pay under Title VII for alleged acts of discrimination occurring before two (2) years before the filing of a

6

relevant valid charge of discrimination with the EEOC, such relief is time-barred by Section 706(g) of Title VII (42 U.S.C. § 2000e-5(g)).

## EIGHTH DEFENSE

60.     To the extent Plaintiff attempts to state claims against Defendant under North Carolina law, these claims are subject to the three (3) year statute of limitations set forth in N.C. Gen. Stat. § 1-52.

## NINTH DEFENSE

61.     Plaintiff fails to state a claim for relief for wrongful discharge in violation of N.C. Gen. Stat. § 95-240 *et seq.* because Plaintiff cannot establish that she was discharged solely because she engaged in protected activity or asserted legal rights as defined by REDA.

## TENTH DEFENSE

62.     Plaintiff is not entitled to recover treble damages under N.C. Gen. Stat. § 95-240 *et seq.* because Defendant did not discriminate or retaliate against Plaintiff, nor did it willfully violate the law.  All actions taken by Defendant were not willful but were taken in good faith and based upon reasonable grounds and were not in violation of N.C. Gen. Stat. § 95-240 *et seq.*

## ELEVENTH DEFENSE

63.     To the extent Plaintiff seeks compensatory and punitive damages in excess of $300,000, either individually or together, such relief is barred by 42 U.S.C. § 1981a(b)(3).

## TWELFTH DEFENSE

64.     To the extent Plaintiff seeks to recover punitive damages under the North Carolina law, the claims are subject to the applicable limitations set forth in N.C. Gen. Stat. § 1D-25.

7

## THIRTEENTH DEFENSE

65.     Any award of punitive damages against Defendant would violate the rights guaranteed to it by the Constitution of the United States.

## FOURTEENTH DEENSE

66.     Any award of punitive damages against Defendant would violate the rights guaranteed to it by the Constitution and laws of the State of North Carolina.

## FIFTEENTH DEFENSE

67.     Plaintiff's Complaint fails to state a claim for relief of punitive damages against Defendant, and the same should be dismissed pursuant to Rule 12(b)(6), and N.C. Gen. Stat. § 1D-15.

## SIXTEENTH DEFENSE

68.     Plaintiff is not entitled to punitive damages under any of the claims set forth in Plaintiff's Complaint in that she has not complied with Rule 9(k) of the North Carolina Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

69.     Any award of damages to Plaintiff should be appropriately limited as a result of any failure by Plaintiff to mitigate her damages.

## EIGHTEENTH DEFENSE

70.     Plaintiff violated specific written company policies for which discipline or discharge is the appropriate remedy for any employee.

## NINETEENTH DEFENSE

71.     To the extent Plaintiff seeks equitable relief, she is barred because there is an adequate remedy in law.

## TWENTIETH DEFENSE

72.     To the extent Plaintiff seeks equitable relief, she is barred by the doctrine of laches.

## TWENTY-FIRST DEFENSE

73.     To the extent Plaintiff seeks equitable relief, Plaintiff is barred because she comes before this Court with unclean hands.

## TWENTY-SECOND DEFENSE

74.     Defendant hereby gives notice that it intends to rely on such other defenses as may become available during discovery in this action and reserves the right to amend this Answer to assert any such defense.

## TWENTY-THIRD DEFENSE

75.     Although Defendant denies any and all liability to Plaintiff, Defendant pleads in the alternative that, if an impermissible motive was a factor in any personnel action about which Plaintiff complains, the same decision would have been reached for legitimate, nondiscriminatory business reasons.

## TWENTY-FOURTH DEFENSE

76.     Defendant maintained an appropriate anti-discrimination/harassment policy and procedure, including a reporting procedure, which Feagin unreasonably failed to utilize.  As a result, her claim is barred.

## TWENTY-FIFTH DEFENSE

77.     To the extent that Plaintiff complained adequately of alleged discriminatory action, Defendant undertook prompt investigation and appropriate response.

### TWENTY-SIXTH DEFENSE

78.     Feagin's claims are barred to the extent that such claims are based on actions that were beyond the scope of the employment of the alleged wrongdoer.

### TWENTY-SEVENTH DEFENSE

79.     To the extent that Feagin suffered an alleged adverse employment action, which Defendant denies, Feagin fails to show a causal connection between the alleged adverse employment action and Feagin's sex, race, or protected activity.

### TWENTY-EIGHTH DEFENSE

80.     Any personnel actions taken by Defendant against Feagin were for legitimate and nondiscriminatory reasons unrelated to Feagin's sex, race, or protected activity, and were justified, privileged, reasonable, and in good faith, without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure.

### TWENTY-NINTH DEFENSE

81.     To the extent Plaintiff seeks double recovery under the various causes of action for any alleged single wrong, she must elect her remedy.

### THIRTIETH DEFENSE

82.     Defendant reserves the right to assert the after-acquired evidence defense should it uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff, including termination of her employment.  The discovery of any such evidence would bar any recovery of damages by Plaintiff.

## THIRTY-FIRST DEFENSE

83. To the extent Plaintiff seeks relief from alleged unlawful adverse impact discrimination, the Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1981a.

## THIRTY-SECOND DEFENSE

84. Any complaint to Defendant by Plaintiff did not constitute protected activity and, therefore, cannot serve as a required predicate for an actionable retaliation claim under federal or state law.

## THIRTY-THIRD DEFENSE

85. Assuming, *arguendo*, that Plaintiff engaged in protected activity, no adverse employment action was taken by Defendant against Plaintiff because of any such protected activity.

## THIRTY-FOURTH DEFENSE

86. Plaintiff cannot establish that any alleged adverse employment action taken by Defendant would not have otherwise occurred but for Plaintiff's having engaged in alleged protected activity.

WHEREFORE, Defendant prays:

    a. For judgment in its favor and that Feagin's Complaint be dismissed with prejudice;

    b. For the costs and other expenses of litigation be taxed to Feagin;

    c. For an award of reasonable attorneys' fees in defending this matter; and/or

    d. For such other and further relief as the Court deems just and proper.

Dated this the 17th day of December, 2009.

Respectfully submitted,

s/H. Bernard Tisdale III
N.C. Bar No. 23980
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: bernard.tisdale@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I, H. Bernard Tisdale III, hereby certify that on this 17th day of December, 2009, I have electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system.  I further certify that I have served a copy of the foregoing by United States mail, properly addressed and with the correct amount of postage affixed thereon, upon the following person:

> Charles Ali Everage
> *Attorney for Plaintiff*
> The Everage Law Firm, PLLC
> 1800 Camden Road, Ste. 104
> Charlotte, NC 28203
> Phone: 704.377.9157
> Fax: 704.377.9160

> Respectfully submitted,


> s/H. Bernard Tisdale III
> N.C. Bar No. 23980
> *Attorney for Defendant*
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> 201 South College Street, Suite 2300
> Charlotte, NC 28244
> Telephone: 704.342.2588
> Facsimile:  704.342.4379
> E-mail:  bernard.tisdale@ogletreedeakins.com