UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-00532-RJC

| MO'NIQUE FEAGIN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| BLOCKBUSTER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court sua sponte upon Plaintiff's failure to respond to the Court's Order to Show Cause.

## I. BACKGROUND

On September 23, 2010, Defendant Blockbuster, Inc. ("Defendant") filed a Notice of Bankruptcy, (Doc. No. 6), which automatically stayed this action. In re Blockbuster, Inc., No. 10-14997, (Bankr. S.D.N.Y.) (Doc. No. 1). In April 2011, Dish Network Corporation purchased Defendant's assets out of bankruptcy. The Court ordered the parties to file a joint status report on December 5, 2011. (Doc. No. 7). The Court asked the parties to address whether Plaintiff Mo'nique Feagin's ("Plaintiff") claims survived Defendant's bankruptcy, whether the stay in this case should be lifted, and whether Plaintiff must amend her complaint to name the proper party as the defendant. (Id.).

On January 4, 2012, the parties jointly responded that Dish Network purchased Blockbuster's assets, but did not assume liability on claims such as Plaintiff's suit. (Doc. No. 8). The parties further explained that the bankruptcy remained ongoing, the stay should remain in place, and that Plaintiff would eventually need to amend her complaint to name the proper party. (Id.). On August 21, 2012, the Court again ordered the parties to file a joint status report. (Doc.

No. 9). On September 20, 2012, the parties responded that there had been no substantive change in the status of the bankruptcy proceedings relative to this litigation since last status report on January 4, 2012. (Doc. No. 10). On February 20, 2013, the Court entered an order staying the case pending the outcome of the bankruptcy proceeding. (Doc. No. 11). Since then, both party's attorneys have withdrawn from this case, (Doc. Nos. 12 to 15), and it appears that Plaintiff and Defendant are both proceeding pro se at this time.

After laying dormant for over two years, the Court ordered the parties to file a joint status report by February 19, 2016, updating the Court on the progress of Defendant's bankruptcy and the continued viability, if any, of Plaintiff's claims. (Doc. No. 16). However, no status report was filed.

On May 9, 2016, the Court entered a Show Cause Order directing Plaintiff to update the Court on the status and continued viability, if any, of this matter. (Doc. No. 17). Plaintiff was advised of her duty to prosecute this case, and she was warned that failure to comply with the Order and to provide a status report would result in the case being dismissed with prejudice and without further notice. (Id.). Plaintiff has failed to respond to the Court's Order, and the time for doing so has expired.

## II. DISCUSSION

Plaintiffs have a general duty to prosecute their cases, and a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) with prejudice, however, is a harsh sanction that should not be invoked lightly. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). In reviewing such a dismissal, the Court must consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. Id.

Plaintiff is proceeding pro se, so she bears the entire responsibility of prosecuting this case. It is Plaintiff's burden to move this case forward, and she has failed to do so. Her failure to keep the Court informed regarding the status of this case or to comply with the Court's orders constitutes a failure to prosecute. See Clowdis v. Colorado Hi-Tec Moving & Storage, Inc., 604 F. App'x 678, 680 (10th Cir. 2015) (affirming dismissal of case for plaintiff's failure to file status reports); see also Link, 370 U.S. at 630 (stating that failure to prosecute case or comply with a court order authorizes dismissal). Plaintiff also received the benefit of the Court's warning in its previous Order, (Doc. No. 17), which explained that Plaintiff's case would be dismissed should she fail to comply with the Order.

As to the second factor, Defendant has an interest in having this matter resolved expeditiously. This case has been pending for over five years without any forward progress. Defendant has, therefore, been prejudiced by Plaintiff's failure on two occasions to comply with the Court's Orders. The third factor also weighs in favor of dismissal. Plaintiff's pattern of failure to prosecute this case is indicated by her failure to file a status report on two occasions. Furthermore, the issue is not dilatory conduct but Plaintiff's complete failure to prosecute her case.

Finally, the Court has considered other sanctions; however, it appears that no other sanction would be feasible or sufficient. Accordingly, after considering the factors, the Court finds that dismissal of Plaintiff's case is warranted pursuant to Federal Rule of Civil Procedure 41(b).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint be **DISMISSED with prejudice**. The Clerk of Court is directed to close this case.

Signed: June 2, 2016

Robert J. Conrad, Jr.
United States District Judge